UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. **9:16-cv-81344**

MICHAEL CAMPBELL,            )
                             )
    Plaintiff,               )
                             )
vs.                          )
                             )
DEALS ON WHEELS OF THE PALM  )
BEACHES, INC; and            )
JEFFREY L. SHUMAN,           )
                             )
    Defendants.              )
_____ /

## C O M P L A I N T

COMES NOW, the Plaintiff, MICHAEL CAMPBELL (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues DEALS ON WHEELS OF THE PALM BEACHES, INC and JEFFREY L. SHUMAN (hereinafter collectively referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, MICHAEL CAMPBELL, is a resident of the State of Florida and was an employee of the Defendants during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, MICHAEL CAMPBELL, worked for the Defendants performing, but not limited to, advertising/marketing duties for the Defendants for their store in and around the West Palm Beach, Florida, area.

6. At all times material herein, Plaintiff was an employee of the Defendants, DEALS ON WHEELS OF THE PALM BEACHES, INC and JEFFREY L. SHUMAN, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, DEALS ON WHEELS OF THE PALM BEACHES, INC, is a Florida for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, selling new and used tires and wheels, and performing auto repair services.

8. Defendant, DEALS ON WHEELS OF THE PALM BEACHES, INC, has a physical storefront located at 3292 Shawnee Avenue, Suite 9, West Palm Beach, Palm Beach County, Florida 33409.

9. Defendant, JEFFREY L. SHUMAN, is a resident of the State of Florida and is the owner, operator, president, officer, and/or is otherwise a management employee of DEALS ON WHEELS OF THE PALM BEACHES, INC.

10. Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11. The Defendant, DEALS ON WHEELS OF THE PALM BEACHES, INC (hereinafter referred to as "DEALS ON WHEELS"), is an employer and enterprise engaged in interstate commerce.

12. The Defendant, JEFFREY L. SHUMAN, is an employer and enterprise engaged in interstate commerce.

13. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

15. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. The Defendant, DEALS ON WHEELS, has annual revenue of at least five hundred thousand dollars ($500,000.00).

17. The Defendant, JEFFREY L. SHUMAN, has annual revenue of at least five hundred thousand dollars ($500,000.00).

18. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

19. The Defendants control the day to day operations of Deals on Wheels and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, setting product and services pricing, and other business operations.

20. Defendants supervise the operations of Deals on Wheels including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

21. The Defendants hired Plaintiff in or about January 2011. The Plaintiff worked for the Defendants through, at least, April 2016.

22. At all times material herein, the Defendants, each and jointly, controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants each were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

23. The Plaintiff was a "non-exempt" employee of the Defendants.

24. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

25. The Defendants suffered and permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendants.

26. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

27. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

28. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

29. The Defendants are each and jointly involved with paying the Plaintiff.

30. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

31. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

32. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

33. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

34. The Defendants hired Plaintiff in or about January 2011 to work for them at and/or around their business location at 3292 Shawnee Avenue, Suite 9, West Palm Beach, Florida 33409.

35. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of his job including, but not limited to, holding a sign to advertise and market for the Defendants.

36. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

37. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA on at least one occasion.

38. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

39. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

40. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

41. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

42. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

43. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

44. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

    B.    Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    C.    Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just.

    F.    Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

45. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

46. The Defendants hired Plaintiff in or about January 2011 to work for them at and/or around their business location at 3292 Shawnee Avenue, Suite 9, West Palm Beach, Florida 33409.

47. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of his job including, but not limited to, holding a sign to advertise and market for the Defendants.

48. On average, the Plaintiff worked approximately between sixty-five (65) and seventy (70) hours a week for the Defendants.

49. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

50. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

51. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in a work-week.

52. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

53. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

54. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

55. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

56. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

57. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

58. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

59. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 28th day of July, 2016.

        Respectfully submitted,

        /s/ Jeremiah J. Talbott
        JEREMIAH J. TALBOTT, ESQ.
        FL Bar No. 0154784
        TYLER L. GRAY, ESQ.
        FL Bar No. 0059738
        Law Office of Jeremiah J. Talbott, P.A.
        900 E. Moreno Street
        Pensacola, Fla. 32503
        (850) 437-9600 / (850) 437-0906 (fax)
        jjtalbott@talbottlawfirm.com
        civilfilings@talbottlawfirm.com
        *Attorneys for Plaintiff*